**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johnson,<br><br>   Plaintiff,<br><br>v.<br><br>Bad Boy Productions Holdings Incorporated, et al.,<br><br>   Defendants. | No. CV-24-02724-PHX-DWL<br><br>**ORDER** |

  Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint is dismissed.

  **I. Legal Standard**

  Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

1  *Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of
2  action, supported by mere conclusory statements, do not suffice." *Id.*
3        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
5  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable
7  for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible
8  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
9  on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's
10 specific factual allegations may be consistent with a constitutional claim, a court must
11 assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*
12 at 681.
13       The Ninth Circuit has instructed that courts must "construe *pro se* filings
14 liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a
15 *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by
16 lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).
17 Conclusory and vague allegations, however, will not support a cause of action. *Ivey v.*
18 *Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A liberal
19 interpretation may not supply essential elements of the claim that were not initially pled.
20 *Id.*
21       "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is
22 entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty.*
23 *of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not
24 be amended to state a cognizable claim and dismissing with prejudice).
25     **II.**    **Analysis**
26       Plaintiff sues Bad Boy Productions Holdings Incorporated, Time Warner
27 Incorporated, and Diageo PLC ("Defendants").  (Doc. 1.)  Plaintiff used a pro se form
28 complaint for "violation of civil rights" and purports to bring a claim under 42 U.S.C. §

1983.  (*Id.* at 3.)  When asked to describe how Defendants allegedly acted "under color of state or local law," Plaintiff wrote "tbd."  (*Id.* at 4.)

The "facts" alleged by Plaintiff in the "Statement of Claim" section of the pro se complaint form, in their entirety, are as follows:

> Robert W Johnson was not paid wages from 1998 to 2024 for services rendered to [Defendants] and was denied confidential settlements in total of $600,000,000.00 for offenses committed from 1998 to 2024.

(*Id.*)

Plaintiff has not established that Defendants acted under color of state or local law, and at any rate, the facts alleged are insufficient to support any cognizable claims.

The Court will dismiss the complaint with leave to amend.  "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).  "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action."  *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv").  Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff is advised that if the amended complaint fails to comply with the Court's

instructions explained in this Order, the action may be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 4 at 7.)

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **December 4, 2024**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **December 4, 2024**, the Clerk of Court shall terminate the action without further notice.

Dated this 14th day of November, 2024.

Dominic W. Lanza
United States District Judge